UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-01799-CAS(JCGx) | Date | July 30, 2014 |
|---|---|---|---|
| Title | JULIAN MINTZIS V. GARFIELD SCOTT ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): MOTION TO DISMISS (dkt. 5, filed March 19, 2014)

MOTION TO REMAND (dkt. 8, filed April 7, 2014)

## I.   INTRODUCTION AND BACKGROUND

On February 10, 2014, plaintiff Julian Mintzis filed this action against defendants Garfield Scott and Does 1-10 in San Luis Obispo County Superior Court. Plaintiff asserts claims for (1) Money Lent, (2) Open Book Account, (3) Account Stated, (4) Fraud, (5) Conversion, and (6) Receipt of Stolen Property. On March 12, 2014, defendant removed the case to this Court on the basis of diversity jurisdiction. Dkt. 1. In brief, plaintiff alleges that he lent defendant roughly $600,000 to cover defendant's medical, living, and business expenses. Compl. ¶¶ 9-10. Plaintiff allegedly made these loans in reliance on defendants' representations that he owned substantial real and financial assets, but was suffering temporary cashflow problems due to an ongoing divorce. Id. Plaintiff contends that these representations were untrue, and that defendant has not repaid any portion of the loans. Id. ¶¶ 10-11.

On March 19, 2014, defendant moved to dismiss portions of plaintiff's complaint. Dkt. 5. Plaintiff opposed this motion on April 7, 2014, dkt. 10, and defendant replied on April 14, 2014, dkt. 13. Meanwhile, on April 7, 2014, plaintiff filed a motion to remand this case to San Luis Obispo County Superior Court. Dkt. 8. Defendant opposed this motion on April 21, 2014. Dkt. 15.[1] On May 19, 2014, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

---

[1] On May 13, 2014, plaintiff filed an untimely reply in support of his motion to remand. Dkt. 22. Even if the Court were to consider the arguments raised in this reply, the Court finds that such arguments would not alter the conclusions reached herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-01799-CAS(JCGx) | Date | July 30, 2014 |
|---|---|---|---|
| Title | JULIAN MINTZIS V. GARFIELD SCOTT ET AL. | | |

## II. LEGAL STANDARD

### A. Motion to Remand

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

### B. Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 2:14-cv-01799-CAS(JCGx) | Date | July 30, 2014 |
|---|---|---|---|
| Title | JULIAN MINTZIS V. GARFIELD SCOTT ET AL. | | |

U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:14-cv-01799-CAS(JCGx) | Date | July 30, 2014 |
|---|---|---|---|
| Title | JULIAN MINTZIS V. GARFIELD SCOTT ET AL. | | |

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### C. Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

### III. ANALYSIS

#### A. Motion to Remand

Defendant removed this case on the basis of diversity jurisdiction. Defendant contends that defendant is a citizen of Arizona, dkt. 1 ¶ 5, and that plaintiff is not a citizen

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01799-CAS(JCGx) | Date | July 30, 2014 |
|---|---|---|---|
| Title | JULIAN MINTZIS V. GARFIELD SCOTT ET AL. | | |

of California, dkt. 6.  Further, because the loans at issue exceed $600,000, the amount-in-controversy surpasses the $75,000 jurisdictional threshold.

Plaintiff moves to remand, averring that both plaintiff and defendant are citizens of California, and that there is therefore no diversity of citizenship.  In support of his contention that defendant is a California citizen, plaintiff relies on the following facts:

> Since on or about December 13, 2013, [defendant] Garfield Scott has resided in San Luis Obispo, California, operating the Garfield Preparatory Academy at 975 Osos Street.  According to his website, EducatedAbroad.com, and as published in a local San Luis Obispo publication, San Luis Obispo Downtown Association, Garfield Scott is the founder and manager of Garfield Preparatory Academy. . . .  In Mr. Scott's own words, "although coming out of Beijing, China and relocating to San Luis Obispo, business and educational ethics are that of American tradition."

Mot. Remand 4-5.

In opposition, defendant reiterates that he is a citizen of Arizona.  Defendant submits a declaration reciting the following facts as evidence of his citizenship:

- He resided in Arizona since January 1996.  Scott Decl. ¶ 4.

- His family resides in Arizona.  Id.

- He has an Arizona drivers license and also registers his car in Arizona.  Id. ¶¶ 5-6.

- He receives his mail at his residence in Scottsdale, Arizona.  Id. ¶ 9.

- He keeps accounts at Arizona banks.  Id.

- He files his tax returns as a resident of Arizona.  Id. ¶ 10.

At the hearing on May 19, 2014, the Court ordered the parties to conduct additional jurisdictional discovery.  On July 11, 2014, plaintiff submitted a supplemental brief summarizing the results of jurisdictional discovery, dkt. 25, and on July 18, 2014, defendant filed a responding brief, dkt. 26.  In his supplemental brief, plaintiff contends

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**               'O'

| Case No. | 2:14-cv-01799-CAS(JCGx) | Date | July 30, 2014 |
|---|---|---|---|
| Title | JULIAN MINTZIS V. GARFIELD SCOTT ET AL. | | |

that the following additional facts support a finding that defendant is a citizen of California. Defendant lived in China from 2007 through July 2013. Nagel Decl ¶ 3. In August 2013, he flew back to America, and drove across country to San Luis Obispo. Id. Upon reaching San Luis Obispo, he stayed in a hotel for approximately six weeks, before moving into an apartment in Grover Beach; he later moved to an apartment in Pismo Beach in around January 2014. Id. Defendant entered into a six month lease for the Pismo Beach apartment. Id. Defendant acquired a dog in San Luis Obispo between October 2013. Scott Dep. 29. Scott opened a business, and resided in San Luis Obispo between August 15, 2013, and April 30 2014. Id. at 55:19-20. Furthermore, contrary to his declaration, defendant does not maintain a residence in Arizona. Nagel Decl. ¶ 4. Between June 2013 and June 2014, defendant spent approximately 45 nights in Arizona, split roughly evenly between nights spent in a hotel and in his mothers house. Id. ¶ 5.

Defendant responds that none of this evidence demonstrates that he had the intent to remain permanently in California. Instead, defendant contends, he intends to return to Arizona, his state of citizenship before he left to live in China. Defendant further states that his children became American citizens with Arizona as their state of residency. Scott Dep. 34:20-35:20.

After reviewing the parties' evidence, the Court concludes that defendant has sufficiently established that he is a citizen of Arizona. Defendant's citizenship is "determined by [his] state of domicile, not [his] state of residence. A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Courts consider the following non-exclusive list of factors in identifying an individual's domicile: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986).

Here, defendant has supplied evidence showing that his family resides in Arizona, that he maintains an Arizona drivers licenses, that he continues to register his vehicle in Arizona, and that he pays Arizona state taxes. Weighed against this, plaintiff points to (1) defendant's attenuated connection to Arizona and (2) defendant's move to San Luis Obispo. But although plaintiff is correct that defendant does not currently have a strong connection to Arizona, the record demonstrates that defendant was domiciled in Arizona

Case 2:14-cv-01799-CAS-JCG   Document 27   Filed 07/30/14   Page 7 of 9   Page ID #:202

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-01799-CAS(JCGx) | Date | July 30, 2014 |
|---|---|---|---|
| Title | JULIAN MINTZIS V. GARFIELD SCOTT ET AL. | | |

before he traveled to China. "The domicile of a person once established continues until it is superseded by a new one." Cunningham v. World Sav. Bank, FSB, 2007 WL 4181838 (D. Ariz. Nov. 21, 2007) (citing Lange v. Penn Mutual Life Insurance Co., 843 F.2d 1175, 1179 (9th Cir. 1988)). Accordingly, defendant is only domiciled in California if he moved to California with the intent to remain there. See Gaudin v. Remis, 379 F.3d 631, 636-37 (9th Cir. 2004) ("Domicile may be changed by being physically present in the new jurisdiction with the intent to remain there.").

But plaintiff has demonstrated, at most, that defendant moved to California with the intent to stay for a limited period of time. Defendant only entered a six-month lease, and did not take any steps that reflect an intent to remain in California permanently, such as filing taxes in California or acquiring a California drivers license. These facts suggest that defendant has not changed his residence to California. See Mitchell v. United States, 88 U.S. 350, 353 (1874) ("Mere absence from a fixed home, however long continued, cannot work the change. There must be the *animus* to change the prior domicile for another. Until the new [domicile] is acquired, the old one remains."). Accordingly, the Court concludes that defendant has met his burden of establishing that he is a citizen of Arizona, and that diversity of citizenship therefore exists between him and plaintiff.

In the alternative, plaintiff contends that he could file an amended complaint asserting claims against additional defendant Garfield Preparatory LLC, a California limited liability company jointly owned by the plaintiff and defendant. Because Garfield Preparatory is a California limited liability corporation, adding it as a defendant would destroy diversity and deprive this Court of subject matter jurisdiction over this action. On April 30, 2014, the Court directed plaintiff to file a proposed amended complaint setting forth the claims that plaintiff proposed to assert against Garfield Preparatory. Dkt. 16. On May 7, 2014, plaintiff filed his proposed amended complaint. Dkt. 17.

Plaintiff's proposed amended complaint asserts claims against Garfield Preparatory as a "[n]ominal defendant." Dkt. 17 ¶ 2. But "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980); see also Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1133 (9th Cir. 2002) ("Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder."). As such, even assuming that (1) plaintiff filed his proposed amended complaint, and (2) the amended complaint could retroactively undermine defendant's notice of removal, the addition of Garfield Preparatory as a nominal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-cv-01799-CAS(JCGx) | Date | July 30, 2014 |
|---|---|---|---|
| Title | JULIAN MINTZIS V. GARFIELD SCOTT ET AL. | | |

defendant would not defeat diversity. Accordingly, the Court concludes that plaintiff's motion to remand should be denied.

### B. Motion to Dismiss

Defendant moves to dismiss plaintiff's claim for fraud. This claim alleges that defendant overstated his financial resources in order to induce plaintiff to lend the roughly $600,000 at issue in this case. Compl. ¶¶ 26-33. Defendant's sole argument is that plaintiff's claim is not pled with particularity as required by Fed. R. Civ. P. 9(b). Specifically, defendant contends that plaintiff must allege the "who, what, when, where, and how of the misconduct charged." Cafasso, 637 F.3d at 1055. Defendant objects that plaintiff has alleged neither the "when" nor the "where" of the alleged misrepresentations.

The Court finds this argument unpersuasive. As discussed above, a pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling, 476 F.2d at 397. Here, the complaint sets forth the following allegations:

> 26. Between June 1, 2012 and March 15, 2013, Scott willfully overstated and falsified his credentials and the viability of his business to induce Plaintiff to lend money to Scott. More specifically, Scott made the following misrepresentations to Plaintiff: Scott was the owner of a profitable business which placed students in America and received large fees from students for tutoring; Scott owned substantial assets including a large house in a nice part of Scottsdale, Arizona; Scott owned a late-model, fully accessorized Audi; Scott held substantial assets at several Chinese and US Banks; Scott held a doctorate from Exeter College, Oxford, in East Asian studies and was an adjunct professor at the University of Chicago; and Scott intended to repay the $642,036.77 lent to Scott by Plaintiff.

> 27. The representations made by Scott were in fact false. The true facts were: The business where Scott worked was unprofitable, and it was in fact owned by his wife; most students paid less than $30.00 per hour and many paid nothing at all; Scott never owned any real property in or around Scottsdale; Scott did not own an Audi; and Scott did not intend to repay the $642,036.77 lent to Scott by Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:14-cv-01799-CAS(JCGx) | Date | July 30, 2014 |
|---|---|---|---|
| Title | JULIAN MINTZIS V. GARFIELD SCOTT ET AL. | | |

Compl. ¶¶ 26-27. These detailed allegations are more than enough to enable defendant to "prepare an adequate answer." Walling, 476 F.2d at 397. Moreover, defendant's argument that these allegations do not allege that "when" or "where" of these alleged misrepresentations is without merit. Although the "who, what, when, where, and how" standard evokes the level of detail required by Rule 9(b), it does not articulate a rigid checklist. See U.S. ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 190 (5th Cir. 2009) ("[T]he 'time, place, contents, and identity' standard is not a straitjacket for Rule 9(b). Rather, the rule is context specific and flexible . . . ."). Because the allegations quoted above specifically identify the alleged misstatements that form the basis for plaintiff's fraud claim, the Court concludes that the claim is pled with sufficient particularity.

## IV.     CONCLUSION

In accordance with the foregoing, both plaintiff's motion to remand and defendant's motion to dismiss are hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |